IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WHITE, # 145017,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 1:16cv981-MHT |
| ) | (WO) |
| WALTER MYERS, *et al.*,   ) | |
| ) | |
| Respondents.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James White ("White") is a state inmate confined at the Easterling Correctional Facility in Clio, Alabama. Through a petition for writ of habeas corpus under 28 U.S.C. § 2254, White seeks to challenge his conviction for first-degree sodomy entered against him by the Circuit Court of Houston County, Alabama, in August 1986.[1] White is serving a life sentence for that conviction.

**DISCUSSION**

A review of this court's records indicates that White has filed previous habeas corpus petitions under 28 U.S.C. § 2254 challenging his 1986 sodomy conviction. The instant petition represents White's fifth attempt at challenging the merits of his 1986 conviction. White's most recent federal habeas petition, filed on February 19, 2012, was denied and dismissed as successive on March 27, 2012. *See White v. Hetzel, et al.*, Civil Action No.

---

[1] White originally filed this petition in the United States District Court for the Southern District of Alabama. On December 19, 2016, that court transferred the case to this court. *See* Doc. Nos. 4 & 5.

1:12cv175-WHA (M.D. Ala. 2012); *see also See White v. Boyd, et al.*, Civil Action No. 1:09cv370-TMH (M.D. Ala. 2009); *White v. Thomas, et al.*, Civil Action No. 1:04cv105-WHA (M.D. Ala. 2004); *White v. Thompson, et al.*, Civil Action No. 1:91-233-MHT (M.D. Ala. 1993) (denying habeas petition on merits and dismissing case with prejudice).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C.

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(continued...)

§ 2244(b)(3)(B) & (C).

White furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [White] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

## CONCLUSION

---

[2](...continued)
      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that White's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as White has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before January 4, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of December, 2016.

       /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.

UNITED STATES MAGISTRATE JUDGE